UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MYERS ROLLINS, JR, | Civil Action No.: 4:17-cv-0597-RBH-TER |
| Plaintiff, | |
| -vs- | |
| WACCAMAW REGIONAL TRANSPORTATION AUTHORITY, WACCAMAW REGIONAL TRANSPORTATION AUTHORITY BOARD OF DIRECTORS, and BERNARD SILVERMAN, Past Chair, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

**I.      INTRODUCTION**

Plaintiff, who is proceeding pro se, alleges that Defendant terminated his employment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.[1] Presently before the court is Defendants' Motion to Dismiss or Alternatively to Consolidate Actions (Document # 30). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the motion being granted, resulting in dismissal of his claims. Plaintiff timely filed a Response (Document # 36), and Defendants filed a Reply (Document # 37). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B)

---

[1] Plaintiff also references the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2), 42 U.S.C. § 1983, and 42 U.S.C. § 1981a in his complaint, see Compl. pp. 5, 6, but his causes of action all arise under either Title VII or the ADEA. See Compl. pp. 11-13.

and Local Rule 73.02(B)(2)(g), DSC. A hearing was scheduled for October 31, 2017, but rescheduled at the request of Plaintiff on the morning of the hearing. The hearing was rescheduled for November 7, 2017. Counsel for Defendants was present. Plaintiff did not appear. This report and recommendation is entered for review by the district judge.

## II. FACTUAL ALLEGATIONS

Plaintiff brings this action against his previous employer, the Waccamaw Regional Transportation Authority (WRTA), the Board of Directors for the WRTA (the Board), and Bernard Silverman, the former chairperson of the Board. Plaintiff alleges that he was terminated from his position as General Manager and CEO of WRTA on April 30, 2014, a position he had held since 2004, because of his race and his age. Compl. p. 3. Plaintiff alleges that he received an "Exceptional" performance rating for each of his 9 years of employment with WRTA and never received a suspension, written reprimand, written counseling or even a verbal warning with respect to his job performance. Compl. pp. 8, 9. He alleges that in 2013 a member of the Horry County Council who had a history of criticizing Plaintiff, Gary Loftus, was appointed to the Board and Silverman became Board Chair. Compl. pp. 9-10. Plaintiff alleges that from 2013 forward, white members of the Board took various actions in an attempt to get him fired, including leaking false stories to the media, contacting Plaintiff's staff to spread rumors and complain about him, and attacking him in board meetings. Compl. p. 10. In April of 2014, Defendants appeared on local TV and disparaged Plaintiff by falsely accusing him of mismanaging projects and not being a "go getter," complaining that he made too much money compared to white employees, and calling for his termination. Compl. p. 11. One week later, Plaintiff was terminated in front of his staff and the media and was escorted off the premises by Deputy Sheriffs. Compl. p. 11.

In July of 2014, Plaintiff filed a Charge of Discrimination alleging discrimination based upon

race, sex, age, and retaliation. See Charge of Discrimination (Ex. to Compl.). In a letter dated September 29, 2016, the EEOC notified Plaintiff and WRTA that reasonable cause existed to believe WRTA violated Title VII and the ADEA. EEOC Letter (Ex. to Compl.). The EEOC invited the parties to participate in the conciliation process in an effort to eliminate the unlawful practice. Id. On December 2, 2016, Plaintiff was notified that the conciliation was unsuccessful and that he had a right to institute a civil action within ninety days of receipt of the notice. See Right to Sue Letter (Ex. to Compl.).

Plaintiff filed the present action on March 3, 2017.

## III. PREVIOUS ACTION

On June 17, 2014, prior to filing the present action, Plaintiff filed a case in the Court of Common Pleas for Horry County captioned "Myers Rollins v. Waccamaw Regional Transportation Authority; South Carolina Department of Transportation; Gary Loftus; Bernard Silverman; Katherine D'Angelo; Julie Norton-Dew; Mark Lazarus; Doug Frate, and Hart Baker," C.A. No. 2014-CP-26-3971. That case also arose from Plaintiff's employment with and termination from WRTA. In the state case, Plaintiff alleged causes of action for defamation, civil conspiracy, intentional infliction of emotional distress, invasion of privacy, violation of the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. § 41-10-10, et seq., interference with contractual relations, and equitable relief.

Defendants WRTA, Silverman, Loftus, D'Angelo, Lazarus, and Norton-Dew[2] moved to

---

[2]At the time of the state court action, Loftus and D'Angelo were members of the Board, Norton-Dew was a WRTA employee who served as interim CEO and General Manager following Plaintiff's termination, and Lazarus was the chair of the Horry County Council. Id. at 2. The remaining defendants were not Board members or employees of WRTA and did not move to compel arbitration.

dismiss and compel to arbitration the claims pending against them. On October 15, 2015, the state court entered an order granting the motion and compelling arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq. See Order (Ex. A to Def. Motion). The court made its ruling based upon an arbitration agreement contained within an employment contract between Plaintiff and WRTA entitled "Amended and Restated Employment Agreement Between the Waccamaw Regional Transportation Authority and Myers Rollins, Jr., General Manager and Chief Executive Officer." Id. at 2. The agreement included a section titled "Legal Claims and Dispute Resolution," (the Contract) which provided in relevant part

> In the event of any controversy or claim arising out of or relating to this Agreement, the Employee's employment with the Authority, or the breach, termination or validity of this Agreement, including this arbitration provision, the Parties will attempt in good faith to resolve such controversy or claim. If the matter has not been resolved within sixty (60) days of the commencement of such discussions (which period may be extended by mutual agreement), then the Parties hereby agree to immediately submit the controversy to binding arbitration, and the Parties agree to waive their right to a jury trial.

Id. (citing the Contract at 7)). The state court found that the claims against defendants WRTA, Silverman, Loftus, D'Angelo, and Norton-Dew were all subject to arbitration. Id. at 6. The state court acknowledged that the contract containing the arbitration agreement was between Plaintiff and WRTA only, but found that the non-signatory defendants could compel arbitration based on equitable estoppel principles as set forth in Goer v. Jasco Indus., Inc., 395 F.Supp.2d 308 (D.S.C. 2005). See Order at 5-6.

The court also noted,

> Finally, Plaintiff raised at the hearing that he has an unasserted claim pending before the EEOC. While Plaintiff has not yet been authorized by the EEOC to pursue that claim in court, once that authorization occurs it too must be pursued in arbitration. In light of the fact that the evidence relating to Plaintiff's claim before the EEOC will likely overlap with the claims asserted in the instant action, the court finds that arbitration should not be conducted until the EEOC has issued to Plaintiff his

right-to-sue notice. . . .

Based on the foregoing, AS TO DEFENDANTS WACCAMAW REGIONAL TRANSPORTATION AUTHORITY, GARY LOFTUS, BERNARD SILVERMAN, KATHERINE D'ANGELO, JULIE NORTON-DEW, AND MARK LAZARUS this matter is hereby DISMISSED WITHOUT PREJUDICE and REFERRED TO ARBITRATION, including any unasserted claims Plaintiff has pending before the EEOC. Arbitration shall proceed as to any and all claims Plaintiff has against these defendants upon Plaintiff's receipt of his right-to-sue notice from the EEOC.

Id. at 6-7 (emphasis added).[3]

Plaintiff did not appeal the ruling.

## III. DISCUSSION

Defendants move to dismiss this action pursuant to the Rooker-Feldman[4] doctrine, arguing the state court has already found that the claims raised here are subject to arbitration. The Rooker-Feldman doctrine holds that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam). A "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The controlling question in the Rooker–Feldman analysis is whether a party seeks the federal district court to review a state court decision and pass upon the merits of that state court decision, not whether the state court judgment is presently subject to reversal or modification. Put another way, if in order to grant the federal

---

[3] The state court action remained pending with respect to the other defendants. Although it did not involve any of the defendants in the present action, Plaintiff subsequently filed a second state court action against Loftus, Lazarus, D'Angelo, Norton-Dew, and Mike Wooten, which was dismissed on res judicata principles based upon the first state court action. See Order in Rollins v. Loftus, et al, C.A. No. 2016-CP-26-02836 (Ex. C to Def. Motion).

[4] See Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

-5-

plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual, Rooker–Feldman is implicated." Jordahl, 122 F.3d at 202 (internal quotations omitted). The Rooker–Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The Fourth Circuit's opinion in Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311 (4th Cir. 2003) is instructive. There, "Appellants sought a federal court order requiring the arbitration of the Stillwells' state claims, precisely the same ruling denied to Appellants in state court. That is, Appellants were asking the federal courts to reach the 'correct' result that they believe was denied in state court." Id. at 317. The Fourth Circuit "agree[d] with the district court's conclusion that Appellants' federal action was the 'functional equivalent' of an appeal from the . . . state court decision." Id. at 316-317 (quoting American Reliable Ins. Co. v. Stilwell, 212 F.Supp.2d 621, 627 (2002). The court noted that "Rooker-Feldman generally applies when a state-court litigant 'sues in federal district court to readjudicate the same issues decided in the state court proceedings.'" Id. (quoting Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 200-01 (4th Cir.2000) (applying Rooker-Feldman doctrine where the federal complaint sought "precisely the same relief denied by the state trial court" and the briefs filed presented "an argument which the state court had already rejected"); Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(explaining that Rooker-Feldman principles bar district court consideration of "issues actually presented to and decided by a state court"). The court opined that the "Appellants' federal complaint sought, in substance if not in form, to reverse the state court's decision and send the Stillwells' claims to arbitration." Id.

Plaintiff did not mention the previous, state court action in the present complaint. Likewise, in his response to Defendants' motion to dismiss, he does not mention the previous, state court decision compelling all claims against these Defendants, including any claims arising from his EEOC Charge of Discrimination, to arbitration. Rather, Plaintiff argues that arbitration is not proper in this case because the arbitration agreement applies only to disputes between the parties and because he attempted to initiate arbitration with WRTA in May of 2014, but WRTA ignored his requests. He argues that WRTA has waived its right to arbitration by prejudicing Plaintiff through its delay in seeking the arbitration. Thus, although Plaintiff does not explicitly ask this court to overturn the decision of the state court to compel arbitration, he essentially argues that the decision reached by that court was incorrect. This court lacks jurisdiction to address these arguments because to do so would require this court to review the decision already reached by the state court in violation of the Rooker-Feldman doctrine.

Nevertheless, despite his arguments, Plaintiff asserts that he wants to resolve this 3 year old dispute with his previous employer and seeks from the court an order staying the proceedings, directing that arbitration occur within sixty days, and retaining jurisdiction over any issues not resolved in arbitration. In essence, Plaintiff asks the court to grant the same relief already granted in state court with slightly different parameters. Plaintiff asks the court to compel the matter to arbitration yet retain jurisdiction over the case by staying rather than dismissing it. Plaintiff asks for an additional order that the matter be arbitrated within sixty days. However, the Fourth Circuit "has consistently treated the Rooker-Feldman doctrine as jurisdictional." Smalley v. Shapiro & Burson, LLP, 526 F. App'x 231, 235 (4th Cir. 2013). Because the state court has already ordered arbitration of the claims raised here, this court lacks jurisdiction to further address the issue. The Fourth Circuit has held that Rooker-Feldman bars a federal court from entering an order compelling arbitration

where the state court has already entered the same order. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 195-96 (4th Cir. 2002). Thus, it follows that Rooker-Feldman also bars this court from entering an order compelling arbitration that is similar, yet slightly different than an order already entered in state court. In sum, Rooker-Feldman prevents this court from both addressing the merits of Plaintiff's Title VII and ADEA claims and from entering its own order compelling arbitration of these claims. Accordingly, dismissal is appropriate.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 30) be granted and this case be dismissed in its entirety.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 7, 2017
Florence, South Carolina

**The parties are directed to the important information on the following page.**