UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Myers Rollins, Jr., | ) | Civil Action No.: 4:17-cv-00597-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Waccamaw Regional Transportation | ) | |
| Authority, Waccamaw Regional | ) | |
| Transportation Authority Board of | ) | |
| Directors, and Bernard Silverman, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). *See* R & R [ECF No. 46]. The Magistrate Judge recommends that the Court grant Defendants' motion to dismiss and dismiss this entire case based on the *Rooker-Feldman*[1] doctrine. *Id.* at p. 8.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

No parties have filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the R & R [ECF No. 46] of the Magistrate Judge. Accordingly, the Court **GRANTS** Defendants' motion to dismiss [ECF No. 30] and **DISMISSES** this case *without prejudice*.[3] **IT IS SO ORDERED.**

Florence, South Carolina  
November 30, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[2] Defendants' objections were due by November 21, 2017, and Plaintiff's objections were due by November 27, 2017. *See* ECF Nos. 46 & 47.

[3] This dismissal is without prejudice because it is based on the *Rooker-Feldman* doctrine, which is jurisdictional in nature. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) ("*Rooker* and *Feldman* exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, *e.g.*, § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity)."); *Thana v. Bd. of License Comm'rs for Charles Cty., Maryland*, 827 F.3d 314, 318–19 (4th Cir. 2016) (same); *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) ("We regard the [*Rooker-Feldman*] doctrine as jurisdictional."); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted). *See, e.g.*, *Casey v. Hurley*, 671 F. App'x 137, 138 (4th Cir. 2016) ("To the extent [the plaintiff] seeks review of the state court's adverse decisions, the district court lacked jurisdiction to conduct such a review under the *Rooker-Feldman* doctrine.").